RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/16/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TOMMY BRAY,<br>      Plaintiff | CIVIL ACTION<br>SECTION "P"<br>1:10-CV-00586 |
| VERSUS | |
| JAMES LEBLANC, et al.,<br>      Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Tommy Bray ("Bray") on April 6, 2010, and amended on July 9, 2010. The sole remaining defendants[1] are Lt. McGee and Sgt. Alex Ducote, both corrections officers employed at the Avoyelles Correctional Center ("ACC") in Cottonport, Louisiana, Cathy Gremillion, a nurse employed at ACC, and Dr. David Vajnar, a physician employed at ACC. Bray contends that he is a paraplegic confined to a wheelchair, and that defendants failed to protect him from an attack by another inmate, Coleman, who threw boiling liquid on Bray while he was sleeping, and failed to provide him with adequate medical care afterward. For relief, Bray asks for monetary damages, injunctive relief, costs, attorney fees, and a jury trial. Defendants

---

[1] Defendants James LeBlanc, Lynn Cooper, Gary Gremillion, Blaine Lachney, Myrna Cooper, Paul Gaspard, and Clyde Benson were ordered dismissed (Doc. 7).

answered the complaints (Doc. 15, 42) and filed a motion for summary judgment (Doc. 44).

An order of the court sent to Bray on October 21, 2011 was returned undelivered on November 11, 2011, marked "moved from AVC" (Doc. 46, 48). A "notice of setting motion" sent to Bray on November 4, 2011 (Docs. 45) was also returned to the court marked "moved from ACC" on November 21, 2011 (Docs. 47, 49).

Local rule LR41.3W provides that the failure of a pro se litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the Court for the reason of an incorrect address and correction is not made to the address for a period of 30 days.

Since Bray failed to inform the court of his address change within 30 days after his mail was returned to the Clerk of Court, and has made no inquiry about this case nor attempted in any way to further prosecute the case,

IT IS RECOMMENDED that Bray's case be dismissed without prejudice for failure to prosecute pursuant to LR41.3W and Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.734 (1962); Rogers v. Kroger Co., 669 F.2d 317, 320-21 (5th Cir. 1982).

## Conclusion

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 16th day of December, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE